# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# GREENSBORO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO. 1:23-cv-722 |
| v. | ) **COMPLAINT** |
| HOOTERS OF AMERICA, LLC | ) JURY TRIAL<br>) DEMAND |
| Defendant. | ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1992 to correct unlawful employment practices on the basis of race (Black) and color (dark skin tone/pigmentation), and to provide appropriate relief to Taria Daughtridge and a class of similarly situated former employees of Defendant who were adversely affected by Defendant's unlawful employment practices. As alleged with greater particularity herein, Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), alleges that Defendant, Hooters of America, LLC, unlawfully discriminated against Ms. Daughtridge and the class of similarly situated former employees by failing to recall and/or rehire them after a layoff because of their race (Black) and/or color (dark skin tone).

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f) (1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

4. The Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant, a Georgia corporation, was franchisor and operator of a national chain of restaurants, commonly known as "Hooters," with locations in 42 states and 27 countries, including a restaurant located at 3031 W. Gate City Blvd., Greensboro, NC 27403 ("the Greensboro Restaurant").

6. At all relevant times, Defendant has continuously done business in the State of North Carolina and in Guilford County, North Carolina and has continuously had at least fifteen (15) employees.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

8. More than thirty (30) days prior to the institution of this lawsuit, Taria Daughtridge ("Ms. Daughtridge") filed a charge with the Commission alleging violations of Title VII by Defendant.

9. On March 6, 2023, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. By letter dated April 12, 2023, the Commission notified Defendant that conciliation had failed.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. Since at least May 2020, Defendant has engaged in unlawful employment

practices at the Greensboro Restaurant in Greensboro, North Carolina in violation of Section 703(a) of Title VII, 42 U.S.C. §2000(e)-(2)(a), by failing to recall and/or rehire Ms. Daughtridge and a class of similarly situated employees ("Class Member') because of their race and/or color.

15. In March 2020 Defendant employed approximately 43 Hooters Girls at the Greensboro Restaurant.

16. Ms. Daughtridge was employed as a Hooters Girl in March 2020.

17. Ms. Daughtridge is Black and has dark skin tone.

18. The Class Members were employed as Hooters Girls in March 2020.

19. The Class Members are Black and/or have dark skin tone.

20. While employed at the Greensboro Restaurant, Ms. Daughtridge and the Class Members experienced racial discrimination and hostility from Defendant's managers.

21. While employed at the Greensboro Restaurant, Ms. Daughtridge and/or the Class Members were subjected to discriminatory comments from Defendant's managers, including but not limited to expressions of preference for White and light skin-toned servers, suggestions that light skin-toned servers were more presentable, and jokes about the appearance and hairstyles of Black and dark skin-toned servers.

22. While employed at the Greensboro Restaurant, Ms. Daughtridge and the Class Members observed and/or experienced preferential treatment of White and light skin-toned servers as compared to Black and dark skin-toned servers, including friendlier

treatment from managers toward White and light skin-toned servers and assignment of preferred or more lucrative shifts to White and light skin-toned servers.

23. On or about March 20, 2020, Defendant laid off approximately 43 Hooters Girls from the Greensboro Restaurant because of the COVID-19 pandemic.

24. Ms. Daughtridge was among the Hooters Girls laid off on or about March 20, 2020.

25. The Class Members were among the Hooters Girls laid off on or about March 20, 2020.

26. Ms. Daughtridge was qualified for the position of Hooters Girl at the time she was laid off in March 2020.

27. The Class members were qualified for the position of Hooters Girl at the time they were laid off in March 2020.

28. Around the time of the March 2020 layoffs, a manager at the Greensboro Restaurant told the Hooters Girls that the layoffs would not be permanent.

29. Between late April 2020 and May 2020, Defendant began recalling Hooters Girls to work at the Greensboro Restaurant.

30. By about mid-May 2020, Defendant had recalled 13 of the 43 previously laid-off Hooters Girls to return to work at the Greensboro Restaurant.

31. Neither Ms. Daughtridge nor the Class Members were among the thirteen (13) Hooters Girls recalled to the Greensboro Restaurant in or about mid-May 2020.

32. Of the thirteen (13) Hooters Girls recalled, twelve (12) or Ninety Two

5

Case 1:23-cv-00722   Document 1   Filed 08/24/23   Page 5 of 10

Percent (92%) of the Hooters Girls recalled were White and/or had light skin tone.

33. Before the March 2020 layoffs, approximately 51% of the Hooters Girls at the Greensboro Restaurant were Black and/or had dark skin tone.

34. After the mid-May 2020 recall, of the thirteen (13) Hooters Girls recalled, only one (1) or Eight Percent (8%) of the Hooters Girls were Black or had dark skin-tone.

## COUNT I:

### Failure to Recall and/or Rehire on the Basis of Race in Violation of Title VII

35. The Commission realleges and incorporates by reference allegations set forth in paragraphs 1 through 34 above.

36. In or about mid-May 2020, Defendant engaged in unlawful employment practices at the Greensboro Restaurant by failing to recall and/or rehire Ms. Daughtridge and the Class Members because of their race, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-(2)(a)(1).

37. Defendant unlawfully deprived Ms. Daughtridge and the Class Members of equal employment opportunities and otherwise adversely affected their status as employees because of their race, in violation of 42 U.S.C. §2000e, et seq.

38. As a direct and proximate result of Defendant's discriminatory conduct, Ms. Daughtridge and the Class Members suffered actual damages including but not limited to losses in compensation and benefits, medical expenses, inconvenience, financial hardship, anxiety, emotional distress and suffering, and loss of enjoyment of life.

39. The unlawful employment practices complained of above were willful and

intentional and were committed with malice or with reckless indifference to the federally protected rights of Ms. Daughtridge and the Class Members.

## COUNT II:

## Failure to Recall and/or Rehire on the Basis of Color in Violation of Title VII

40. The Commission realleges and incorporates by reference allegations set forth in paragraphs 1 through 39 above.

41. In or about mid-May 2020, Defendant engaged in unlawful employment practices at the Greensboro Restaurant by failing to recall and/or rehire Ms. Daughtridge and the Class Members because of their color, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-(2)(a)(1).

42. Defendant unlawfully deprived Ms. Daughtridge the Class Members of equal employment opportunities and otherwise adversely affected their status as employees because of their color, in violation of 42 U.S.C. §2000e, et seq.

43. As a direct and proximate result of Defendant's discriminatory conduct, Ms. Daughtridge and the Class Members suffered actual damages including but not limited to losses in compensation and benefits, medical expenses, inconvenience, financial hardship, anxiety, emotional distress and suffering, and loss of enjoyment of life.

44. The unlawful employment practices complained of above were willful and intentional and were committed with malice or with reckless indifference to the federally protected rights of Ms. Daughtridge and the Class Members.

# PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in discrimination on the basis of race or color in violation of Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities to all employees and applicants irrespective of their race or color, and which eradicate the effects of past and present unlawful employment practices.

C. Order Defendant to make Ms. Daughtridge and a class of similarly situated Black and dark skin-toned Hooters Girls not recalled or rehired because of their race or color whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and front pay.

D. Order Defendant to make Ms. Daughtridge and a class of similarly situated Black and dark skin-toned Hooters Girls not recalled or rehired because of their race or color whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make Ms. Daughtridge and a class of similarly situated Black and dark skin-toned Hooters Girls not recalled or rehired because of their race or color whole by providing compensation for past and future nonpecuniary losses resulting

from the unlawful practices complained of above, including but not limited to, emotional suffering, inconvenience, humiliation, loss of enjoyment of life, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

  F. Order Defendant to pay Ms. Daughtridge and a class of similarly situated Black and dark skin-toned Hooters Girls not recalled or rehired because of their race or color punitive damages for their willful, malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

  G. Grant such other relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its cost of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact that arise out of this complaint.

  Respectfully submitted this 24th day of August, 2023.

        U.S. EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION

        GWENDOLYN YOUNG REAMS
        Acting General Counsel

        CHRISTOPHER LAGE
        Deputy General Counsel

        U.S. EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        131 M Street, NE
        Washington, D.C. 20507

        MELINDA C. DUGAS
        Regional Attorney

ZOË G. MAHOOD
Supervisory Trial Attorney

SAMUEL H. WILLIAMS
Trial Attorney
N.C. Bar No. 49622
Samuel.Williams@eeoc.gov
EEOC, Raleigh Area Office
434 Fayetteville St., Suite 700
Raleigh, North Carolina 27601
Tel: (984) 275-4820
Facsimile: (704) 954-6412

*/s/Mary Katherine Littlejohn*
MARY K. LITTLEJOHN, Trial Attorney
N.C. Bar No. 57582
mary.littlejohn@eeoc.gov
EEOC, Greenville Local Office
301 N. Main Street, Suite 1402
Greenville, South Carolina 29601
Telephone: (864) 565-0353
Facsimile: (704) 954-6412

**ATTORNEYS FOR PLAINTIFF**