IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | 1:23-CV-722 |
| v. | ) ) | |
| HOOTERS OF AMERICA, LLC | ) ) | |
| Defendant. | ) | |

## CONSENT DECREE and FINAL JUDGMENT

This Consent Decree embodies the final terms of resolution for the above-styled civil action, as agreed to by the United States Equal Employment Opportunity Commission ("Commission") and Hooters of America, LLC ("Defendant"), (collectively "the Parties"), and as entered by this Court.

### I. BACKGROUND

1. The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct allegedly unlawful race-based employment practices and to secure appropriate relief for Taria Daughtridge ("Ms. Daughtridge") and a class of similarly situated individuals ("Hooters Girls").[1]

---

[1] The term "Hooters Girl" used throughout this Decree is the official title given by Defendant to its Servers and shall be construed herein as it is used in the ordinary course of Defendant's business.

2. The EEOC alleges that following a mass layoff due to COVID-19 in March of 2020, Defendant violated Title VII by failing to recall and/or rehire Ms. Daughtridge and the Hooters Girls because of their race (Black) and/or color (dark skin tone). Defendant denies the allegations.

3. In the interest of resolving this matter, and to avoid the costs of further litigation, the Parties engaged in comprehensive settlement negotiations and have agreed that this action should be finally resolved by this Consent Decree ("Decree") and that this Decree is final and binding on the Parties, their successors, and assigns.

## II. FINDINGS

4. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

   a. This Court has jurisdiction over the Parties and the subject matter of this action;

   b. The terms of this Decree are adequate, reasonable, equitable, and just;

   c. The rights of the Parties and the public interest are adequately protected by this Decree;

   d. The purpose and provisions of Title VII will be promoted and effectuated by the entry of this Decree;

   e. This Decree constitutes the complete understanding between the parties regarding the matters discussed herein; and,

f. This Decree, by the terms contained herein, constitutes a fair and equitable settlement between the Parties and effectively resolves all matters in controversy relating to the above-styled civil action and the underlying administrative charge.

### III. TERMS

WHEREFORE, it is **ORDERED, ADJUDGED** and **DECREED** as follows:

5. This Court will retain jurisdiction for the duration of this Decree, which shall be for a period of three years from the date of entry by this Court.

6. If, at the end of the three-year period, any disputes regarding compliance remain unresolved, the term of the Decree shall be automatically extended and the Court will retain jurisdiction of this matter to enforce the Decree until such time as all such disputes have been resolved.

7. No party shall contest the jurisdiction of this Court to enforce this Decree and the terms hereunder, nor shall any party contest the right of the Commission to bring an enforcement action seeking compliance upon an alleged breach of any term of this Decree.

8. This Decree fully and finally resolves the claims asserted by the Commission in this action, styled above as *Equal Employment Opportunity Commission v. Hooters of America, LLC*, Civil Action No. 1:23-cv-722-CCE-JLW, and the claims asserted by Taria Daughtridge in the underlying administrative charge, identified as EEOC Charge No. 435-2020-01074.

9. This Decree does not resolve any other charge of discrimination filed with the Commission, whether previously filed with the Commission, currently pending before the

Commission or which may be filed with the Commission in the future. The Commission reserves all rights to proceed with the investigation and/or litigation of any other charges or claims, including, but not limited to, the investigation and litigation of any pending or future charges or claims against Defendant and all affiliated entities.

10. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors, and assigns of Defendant.

11. No amendment or waiver of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties. On behalf of the Commission, the authorized representative is the Regional Attorney for the Charlotte District. On behalf of Defendant, the authorized representative is HOA's Chief Executive Officer.

12. If any provision of this Decree shall be deemed unenforceable, the remaining provisions shall survive and remain in full force and effect.

### IV. INJUNCTIVE RELIEF

13. Defendant, its officers, agents, servants, employees, successors, and assigns, and all those in active concert or participation with Defendant, are hereby enjoined from making layoff decisions or recall or rehiring decisions after a layoff in the North Carolina stores within its Carolinas 2 region, in whole or in part, on the basis of race and/or color.

14. Defendant, its officers, agents, servants, employees, successors, and assigns, and all those in active concert or participation with Defendant, are hereby enjoined from retaliating against any employee in the North Carolina stores within its Carolinas 2 region, because

4

Case 1:23-cv-00722-CCE-JLW    Document 37    Filed 10/21/24    Page 4 of 19

of the employee's opposition to a practice made unlawful under Title VII related to layoff decisions or recall or rehiring decisions after a layoff.

15. Defendant, its officers, agents, servants, employees, successors, and assigns, and all those in active concert or participation with Defendant, are hereby enjoined from utilizing standards for layoff decisions and/or recall or rehire decisions after a layoff that allow for subjective determinations based on race and/or color.

## V.     MONETARY RELIEF

16. Defendant will agree to pay the total gross amount of two hundred fifty thousand dollars and zero cents ($250,000.00) (less any applicable withholdings) (the "Settlement Payment") in full and final settlement of this action, *Equal Employment Opportunity Commission v. Hooters of America, LLC*, Civil Action No. 1:23-cv-722-CCE-JLW, and EEOC Charge No. 435-2020-01074. The Commission shall, in its sole discretion, determine the portion of this amount to be paid to Ms. Daughtridge and each individual class member. Ms. Daughtridge and each individual class member will provide a signed release attached as Exhibit B, a signed W-9, a signed W-4, and a signed NC-4.

17. Within ninety (90) days of the entry of this Decree, the Commission shall provide to Defendant a distribution list detailing the proposed payments to Ms. Daughtridge and the individual class members along with executed signed releases, W-9s, W-4s, and NC-4s for each person who is proposed to receive any payment under this Agreement.

18. Within forty-five (45) days of the Commission's provision of the distribution list and distribution amounts referenced above, or within 90 days of the entry of the Decree,

5

Case 1:23-cv-00722-CCE-JLW    Document 37    Filed 10/21/24    Page 5 of 19

whichever is later, Defendant shall send payments by check, via tracked first class mail or commercial delivery service to Ms. Daughtridge and the individual class members at mailing addresses provided by the Commission. Concurrently, copies of the checks shall be submitted to the Commission by electronic mail at [EEOC-CTDO-decree-monitoring@eeoc.gov](mailto:EEOC-CTDO-decree-monitoring@eeoc.gov).

19. Fifty percent (50%) of each claimant's payment shall be treated as wages for which withholding will be taken from the payment and for which the claimant shall receive an IRS W-2 form and the remainder shall be treated as damages for which the claimant will receive an IRS 1099 form. Neither the Commission nor Defendant makes any representation, or assumes responsibility for any tax liability, assessments, interest, penalties, and/or costs that any class members may or may not incur on such payments under local, state, and/or federal law.

20. If the Commission is required to issue a Form 1098-F in connection with payments made under this Decree, the EIN and the name and address of the employee of Defendant to whom the copy of the Form 1098-F should be directed is as follows:

> Defendant's EIN: 75-1965288
>
> Name: Hooters of America, LLC
>
> Physical Address: 1815 The Exchange SE, Atlanta, GA 30339

The Commission has made no representations regarding whether the amount paid pursuant to this Consent Decree qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the Commission does not mean that the requirements to

claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the Commission. The parties are not acting in reliance on any representations made by the Commission regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## VI. NON-MONETARY RELIEF

21. Within twenty-one (21) days of the Commission's distribution list, except for those who after March 2020 have been subsequently rehired and dismissed for cause, Defendant shall change all references in the individual class members' personnel records from "N406 Layoff or Suspension" to "Resigned" and classify each of the individual class members in Defendant's internal system as "eligible for rehire."

22. Within twenty-one (21) days of Defendant's receipt of the Commission's distribution list, fully executed releases and other documents referenced above, Daughtridge and each individual class member for whom a release and other documentation has been provided, shall be eligible to reapply as a Hooters Girl at any corporate-owned restaurant location in the United States. Within twenty-one (21) days of Defendant's receipt of the Commission's distribution list, the Commission shall notify Defendant if any individual class member seeks to reapply to a corporate-owned restaurant, and the corporate-owned restaurant to which they seek to reapply, under the terms of this Decree. Any such individual who meets existing hiring eligibility criteria and completes the entire application process shall be offered a Hooters Girl position at that corporate-

owned restaurant location if an opening becomes available within 12 weeks of receiving notice from the Commission of the individual class member's intent to reapply. If multiple class members apply for a Hooters Girl position at the same location and satisfy the hiring criteria, open positions will be filled on a first come, first serve basis in the order that the individuals informed the Commission about their intent to reapply. Each class member who is rehired pursuant to this paragraph will be hired at a wage rate, benefits, and other privileges of employment, including seniority, as if there had been no disruption to their employment from the period of May 2020 to the date of the rehire.

23. Within fifteen (15) days of the entry of this Decree, Defendant shall post on the Hooters Instagram feed (@hooters) a statement that Hooters of America, LLC is an equal opportunity employer and encourages individuals of all backgrounds to consider employment at Hooters.

**A. POLICY REVISION**

24. Within sixty (60) days of entry of this Decree and throughout its duration, Defendant must maintain policies at the Greensboro, NC location that, at a minimum, meet the following criteria:

    a. Prohibit discrimination, harassment, and retaliation against any employee or applicant in violation of Title VII.

    b. Prohibit any act, policy, or practice that has the effect of discriminating, harassing, or retaliating against any employee or applicant in violation of Title VII.

c. Provide a process for employees and applicants to report or complain about discrimination, harassment, and retaliation prohibited by Title VII and that Defendant will investigate and resolve all such reports and complaints.

d. Provide that human resources, or an appropriate designee, will oversee an investigation into, and resolution of, all complaints about discrimination, harassment, and retaliation, which have been reported through the designated reporting channels under Defendant's policies, which Defendant reasonably believes would be prohibited by Title VII.

e. Provide that Defendant will provide the employee or applicant with notice that an investigation has been initiated and when an investigation has been concluded.

f. Provide that any of Defendant's employees who engage in retaliation prohibited by Title VII will be disciplined, up to and including discharge.

**B. TRAINING**

25. Within sixty (60) days of Defendant's implementation of the policy requirements outlined above, Defendant will communicate those policies to all Human Resources employees, supervisors, and managers who work at or have direct responsibility over the restaurant locations in the North Carolina stores in the Carolina 2 Region. Defendant shall certify compliance with this provision by providing a copy of the communication to the Commission within fourteen (14) days of Defendant's communication of the policy outlined above.

26. During the term of this Decree, Defendant shall provide an annual training program of at least two (2) hours to all executives, managers, or supervisors located or employed at the Greensboro, North Carolina restaurant and all Human Resources employees who have responsibility for the Greensboro, North Carolina restaurant. Each training program shall include an explanation of:

    a. Title VII's prohibition against discrimination based on race;

    b. Title VII's prohibition against discrimination based on color;

    c. Title VII's prohibition against retaliation for engaging in activities protected by the statute;

    d. The penalties for engaging in discrimination or retaliation; and

    e. Defendant's anti-discrimination policies.

27. The first training program shall be completed within ninety (90) days of the entry of this Decree. At least fifteen (15) business days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission within five (5) days of submission of the agenda.

28. Within fourteen (14) days after each training session, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with the date and time the training took place; the location of the training; the manner in which the training was delivered; the identity of the trainer; the duration of the training; a

statement confirming that all agenda items and materials previously provided to the Commission for approval were presented to the attendees at the training; and a roster of all employees in attendance.

29. Within ninety (90) days of the entry of this Consent Decree, Defendant shall require employees directly involved in the recall decisions in 2020 at the Greensboro location to attend a separate one-time training program relating to the requirements of Title VII. The training program shall be a minimum length of two (2) hours. The training program shall include an explanation of:

    a. Title VII's prohibition against discrimination based on race;

    b. Title VII's prohibition against discrimination based on color;

    c. Title VII's prohibition against retaliation for engaging in activities protected by the statute;

    d. Racial bias in decision-making with examples;

    e. The penalties for engaging in discrimination or retaliation; and

    f. Defendant's anti-discrimination policies.

**C. POSTING OF NOTICE TO EMPLOYEES**

30. Within thirty (30) days of the entry of this Decree, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked as Exhibit A and hereby made a part of this Decree, in a place or places where it is visible to all employees at restaurants owned and operated by Defendant in the North Carolina Stores in the Carolinas 2 region. The posted Notice shall be laminated and on

11

paper that is no smaller than 8.5 x 11. If the Employee Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Employee Notice. Within forty-five (45) days of the entry of this Decree, Defendant shall notify the Commission that the Employee Notice has been posted pursuant to this provision.

## D. COMPLIANCE REPORTS

31. During this Decree, if Defendant recalls any employee(s) after a lay off for economic conditions or shortage of work (other than temporary work stoppages for reasons such as weather, supply chain, or facility maintenance or repair, etc.), Defendant shall report to the EEOC the criteria used to select individual(s) for recall. This report shall be made within thirty days of the date of the recall.

32. Defendant shall report to EEOC the following information annually during the term of this Decree with the first report due ten (10) months after the entry of this Decree regarding the Greensboro, North Carolina Location for the preceding twelve months. Subsequent reports shall be made twelve (12) months after the date of the previous report.

    a.    if Defendant has laid off any employees because of a lay off for economic conditions or shortage of work (other than temporary work stoppages for reasons such as weather, supply chain, or facility maintenance or repair, etc.);

    b.    the criteria used to select individuals for layoff;

    c.    the identity of any employee who was laid off;

    d.    the employee's full name, race, home address, telephone number, email address, date of hire, and job title; and

e. whether the employee was recalled or rehired during the reporting period.

33. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's Greensboro restaurant, interview employees at the Greensboro Hooters, and examine and copy documents related to an issue addressed by this Decree. Any interview may only be done with seven (7) days' notice to Defendant. As part of a review for compliance with the notice posting provisions of this Consent Decree, the Commission may inspect Defendant's Greensboro restaurant without notice, however the Commission will check-in with the manager-on-duty upon arrival at the restaurant prior to their inspection.

34. If during the time period that this Decree is in force the Commission believes that Defendant is in violation of any term of this Decree, the Commission shall give notice of the alleged violation to Defendant not more than forty-five (45) business days after learning of the alleged violation so the Defendant can take prompt remedial action. Defendant shall have thirty (30) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of fourteen (14) days, or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law. However, where the Commission believes that a violation presents an imminent threat to the health, safety or welfare of one or more of Defendant's employees, or will otherwise result in irreparable harm, the Commission retains the right to seek immediate intervention by the Court.

## VI. NOTICES

13

34. All notices to Defendant by the Commission pursuant to this Decree shall be sent by electronic mail to: Chief Legal Officer at legal@hooters.com. If at any time during the term of this Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within thirty (30) days of the change.

35. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent by electronic mail to EEOC-CTDO-decree-monitoring@eeoc.gov.

## VII. MISCELLANEOUS PROVISIONS

36. Each party shall bear its own costs and attorney's fees incurred in connection with this action.

[SIGNATURE PAGE FOLLOWS]

The remainder of this page left blank intentionally.

It is so **ORDERED** on this the 21st day of October, 2024

_____
CHIEF UNITED STATES DISTRICT JUDGE

In EEOC v Hooters of America, 23cv722, the parties jointly request that the Court approve and enter the Consent Decree:

**COUNSEL FOR PLAINTIFF**

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

MELINDA DUGAS
Regional Attorney

ZOË G. MAHOOD
Supervisory Trial Attorney

*/s/ Taittiona Miles*
TAITTIONA MILES
N.C. State Bar No. 50879
taittiona.miles@eeoc.gov
EEOC, Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
Telephone: (980) 296-1301
Facsimile: (704) 954-6412

*/s/ Samuel H. Williams*
SAMUEL H. WILLIAMS
N.C. State Bar No. 49622
Samuel.Williams@eeoc.gov
EEOC, Raleigh Area Office
434 Fayetteville St, Suite 700
Raleigh, NC 27601
Telephone: (984) 275-4820
Facsimile: (704) 954-6412

**FOR DEFENDANT:**

/s/
SALVATORE MELILLI
CHIEF EXECUTIVE OFFICER &
PRESIDENT HOOTERS OF
AMERICAN, LLC

16

**EXHIBIT A**

# EMPLOYEE NOTICE

1. This Employee Notice is posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission and Hooters of America, LLC in a case of alleged discrimination based on race and color.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's sex, color, religion, race, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding or hearing, or otherwise asserted the rights under the laws enforced by the EEOC.

3. Hooters of America, LLC will comply with such federal laws in all respects. Furthermore, Hooters of America, LLC will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or provided testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S Equal Employment Opportunity Commission.

4. Employees have the right to report allegations of employment discrimination in the workplace and should call the Hotline at 1-800-464-4668 or follow the other reporting procedures set forth in the Team Member Handbook,

5. An employee may also contact their local U.S Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

    U.S. Equal Employment Opportunity Commission
    131 M. Street, N.E.
    Washington, DC 20507
    TEL: 1-800-669-4000
    TTY: 1-800-669-6820
    www.eeoc.gov

This Notice will remain posted for at least three years by agreement with the EEOC.

**DO NOT REMOVE THIS NOTICE UNTIL:**

17

Case 1:23-cv-00722-CCE-JLW   Document 37   Filed 10/21/24   Page 17 of 19

[INSERT DATE]

**EXHIBIT B**

**Release of Claims**

In consideration for $ _____ paid to me by Hooters of America, LLC, in connection with the resolution of *Equal Employment Opportunity Commission v. Hooters of America,* LLC, Civil Action No. 1:23-cv-722-CCE-JLW, and EEOC Charge No. 435-2020-01074, I waive and release my right to recover for any claims of discrimination alleged or which could have been alleged in EEOC's Complaint in *Equal Employment Opportunity Commission v. Hooters of America,* LLC, Civil Action No. 1:23-cv-722-CCE-JLW and EEOC Charge No. 435-2020-01074, against Hooters of America, or any of its agents, employees, servants, representatives, insurers, attorneys, directors, board members, shareholders, owners, members, officers, managers, parent companies, subsidiaries, affiliated or related entities, predecessors, successors, and all persons and entities in privity with the foregoing.

Date: _____

Signature: _____

Print Name: _____

19

Case 1:23-cv-00722-CCE-JLW   Document 37   Filed 10/21/24   Page 19 of 19