# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### GREENSBORO DIVISION
### CIVIL ACTION No.: 1:23-cv-00722-CCE-JLW

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) |
| **Plaintiff,** | ) ) |
| **v.** | ) ) |
| **HOOTERS OF AMERICA, LLC** | ) ) |
| **Defendant.** | ) ) |
| _____ | ) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF EEOC'S MOTION TO ENFORCE COURT-ORDERED CONSENT DECREE AND REQUEST FOR ORDER TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN CONTEMPT**

## I.    INTRODUCTION AND FACTS

On August 24, 2023, the U.S. Equal Employment Opportunity Commission (EEOC) filed a Complaint against Hooters of America, LLC (Defendant) alleging that it violated Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1992 (ECF 1).  Specifically, the EEOC alleged Defendant discriminated against a group of aggrieved individuals by failing to recall and/or rehire them after a layoff because of their race and/or color.  On December 20, 2023, Defendant filed an Answer denying all wrongdoing (ECF 15).

Thereafter, the parties engaged in mediation on October 16, 2024 and negotiated a settlement which resolved all matters in controversy.  (ECF 38).  The terms of the settlement were outlined in a Consent Decree which was submitted to the Court for

1

approval on October 18, 2024.  (ECF 36).  The Consent Decree was approved by this Court on October 21, 2024.  (ECF 37).   The Consent Decree specified that this Court would retain jurisdiction for the duration of the decree.  (ECF 37, ¶5).

Paragraph 16 of the Consent Decree states:

Defendant will agree to pay the total gross amount of two hundred fifty thousand dollars and zero cents ($250,000.00) (less any applicable withholdings) (the "Settlement Payment") in full and final settlement of this action, *Equal Employment Opportunity Commission v. Hooters of America, LLC*, Civil Action No. 1:23-cv-722-CCE-JLW, and EEOC Charge No. 435-2020-01074.

Within ninety (90) days of the entry of the Consent Decree, the EEOC was required to provide Defendant a "distribution list" dictating to whom payments should be made and the amounts of individual payments to aggrieved individuals identified by the EEOC.  The EEOC provided Defendant the distribution list along with all required documents on January 7, 2025.  (January 7, 2025 – March 4, 2025 Email Exchange attached as "Exhibit A").  Within forty-five (45) days of being provided the distribution list, Defendant was required to distribute the settlement payment via mail.  The parties confirmed by email that Defendant was required to distribute the settlement payment no later than February 21, 2025.  (Exhibit A).

On February 25, 2025, the EEOC sent an email to Defendant's counsel to confirm that the settlement payments had been made.  Defendant's counsel responded that same day to say he was checking on the status of the delivery of the payments.  The EEOC sent

2

follow-up emails to Defendant's counsel on February 26, 2025 and on March 3, 2025. On March 3, 2025, Defendant's counsel emailed the EEOC stating for the first time that Defendant was "financially unable to make the payments within the expected time frame due to financial difficulties." (Exhibit A). The parties discuss Defendant's inability to pay during a call on March 4, 2025. Defendant's counsel informed the EEOC that Defendant was unable to make the payments required under the Consent Decree but that they did not have any further information. The EEOC requested access to Defendant's financial records to understand the scope and veracity of Defendant's alleged financial conditions. Defendant's counsel followed up by email stating that Defendant's "position is that it is unable to make the required payments at this time." (Exhibit A). The email also stated that Defendant "is unable to provide any additional documentation as to its financial condition at this time." *Id.*

Because Defendant failed to make the payments required by Paragraph 16 of the Consent Decree, the EEOC issued a notice of non-compliance to Defendant as required by Paragraph 34 of the Consent Decree. (March 3, 2025 Non-Compliance Letter attached as "Exhibit B"). Paragraph 34 requires that the EEOC notify Defendant if the EEOC believes Defendant to be in violation of any term of the Consent Decree (the notice), after which Defendant has 30 days to investigate and respond to the allegations (the cure period). However, Paragraph 34 allows the EEOC to seek immediate intervention by the Court when it believes that a violation of the Consent Decree may "result in irreparable harm." The EEOC sent a follow-up notice of non-compliance on March 6, 2025. (March 6, 2025 Non-Compliance Letter attached as "Exhibit C").

3

Defendant's breach of the Consent Decree is ripe for Court intervention for three reasons. First, Defendant's representations were clear that it would not make payment as required by the Consent Decree. Therefore, it would be futile to wait for compliance. Second, the cure period anticipated in Paragraph 34 of the Consent Decree is exhausted and/or has been waived by Defendant's absolute refusal to make payment as required by Paragraph 16. Defendant's intractable position on this matter makes any further investigation by Defendant unnecessary and further negotiations between the parties would be pointless. Third, Defendant's actions may result in irreparable harm to the EEOC and the aggrieved individuals. Specifically, because of Defendant's refusal to provide financial documents, the EEOC has no information about Defendant's financial assets or how those assets are being used. Based on Defendant's lack of transparency about its financial condition and failure to notify the EEOC that it would be ignoring the payment deadline, there exists a highly likely possibility that Defendant's assets are being used in a way that will result in Defendant being wholly unable to provide the settlement funds to the aggrieved individuals, resulting in them being irreparably harmed.

## II.  ARGUMENT AND AUTHORITY

### A. *The Consent Decree is Enforceable and Defendant is Bound to Comply.*

Consent decrees are enforceable as a final judgment and, thus, Defendant is required to comply with the Consent Decree. *See Rufo v. Inmates of the Suffolk Cnty. Jail*, 502 U.S. 367, 392 (1992). "Federal courts are not reduced to approving consent decrees and hoping for compliance. Once entered, a consent decree may be enforced." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004). Consent decrees allow for "judicial approval and

4

oversight, including enforcement actions," *Duvall v. Hogan*, 2021 U.S. Dist. LEXIS 96345 at *26 (D. Md. May 20, 2021), and a district court retains "jurisdiction to enforce its judgments, including consent decrees," *Thompson v. United States HUD*, 404 F.3d 821, 833 (4th Cir. 2005). Unlike settlement agreements, which are not entered as an order of the court, consent decrees are subject to the oversight attendant to the court's authority to enforce its orders. *Aronov v. Napolitano*, 562 F.3d 84, 91 (1st Cir. 2009) (citation omitted).

In this case, the Consent Decree was clearly negotiated and agreed upon by all parties. (ECF 37). Indeed, "[t]he entry of a consent decree necessarily implies that the litigants have assented 'to all of its significant provisions.'" *High v. Braniff Airways, Inc.*, 592 F.2d 1330, 1334 (5th Cir. 1979). Here, the parties entered into the Consent Decree for the purpose of avoiding the costs, inconvenience, and uncertainty of further litigation. (ECF 37 ¶ 3). The parties agreed that the action brought by the EEOC would be finally resolved by the Consent Decree and the Consent Decree was final and binding on the Parties, their successors, and assigns. (ECF 37 ¶ 3). By its express terms, the Consent Decree provides that this Court retains jurisdiction to enforce the terms of the Consent Decree and that either party to the Consent Decree may bring an enforcement action upon breach of any term of the Consent Decree by either party. (ECF 37 ¶ 7).

### B. The EEOC is Entitled to Receive Interest on the Monetary Judgment.

The EEOC demands not only the monetary relief required by Section V of the Consent Decree but also interest on that amount. Here, the aggrieved individuals have been denied use of this money after they should rightfully have had it in their possession. *See New York v. U.S. Capital Funding, LLC*, 2011 U.S. Dist. LEXIS 87975 at *26-27

5

(E.D.N.Y. Aug. 9, 2011). Therefore, Defendant should be required to pay interest on the amount at the rate set in 28 U.S.C. § 1961. *See* 28 U.S.C. § 1961(a) ("Interested shall be allowed on any money judgment in a civil case recovered in a district court.").

> C. *Defendant Violated the Court-Ordered Decree and Should Be Held in Contempt.*

Defendant should be held in contempt for willfully violating the Consent Decree. "[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *XL Specialty Ins. Co. v. Bighorn Constr. & Reclamation, LLC*, 2024 U.S. Dist. LEXIS 97222 at *4 (D. Md. Jan. 18, 2024) (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). Consent judgements constitute judicial decrees for purposes of contempt proceedings. *SEC v. SBM Inv. Certificates, Inc.*, 2012 U.S. Dist. LEXIS 28175 at *11-12 (D. Md. March 2, 2012); *see Ohio Valley Envtl. Coal., Inc. v. Apogee Coal Co.*, 744 F. Supp. 2d 561, 566 (S.D.W.Va. Oct. 8, 2010) (holding a defendant in contempt for violation of a consent decree).

Defendant in this case clearly violated the Consent Decree. *See EEOC v. Mgmt. Hospitality of Racine*, 794 F. Supp. 2d 921, 924-25 (E.D. Wis. May 31, 2011) (holding a defendant in contempt for violating the terms of a consent decree); *EEOC v. Supervalu, Inc.*, 2014 U.S. Dist. LEXIS 169215 at *3-4 (N.D. Ill. Dec. 2, 2014) (granting the EEOC's motion for contempt and directing the defendant to pay the reasonable fees and costs the EEOC incurred). As of February 21, 2025 – the deadline for all monies to be paid under the Consent Decree – Defendant had refused to make any payments. Defendant also failed to inform the EEOC or the Court that it would not be making payments and has provided

6

no explanation for that failure other than the statement that it was "financially unable to." Furthermore, when requested, Defendant also refused to provide any financial records that would demonstrate its financial position. Even after being advised, in writing, of its non-compliance and being afforded opportunities to comply, Defendant chose to ignore its legal obligations under the Consent Decree. Defendant's blatant violation of the Consent Decree warrants citation for contempt of this Court.

## III.    CONCLUSION

The parties to this lawsuit negotiated and agreed upon the terms of the Consent Decree in order to resolve this action. This Court approved and entered the Consent Decree. Pursuant to that Consent Decree, Defendant was required to make payments totaling two hundred and fifty thousand ($250,000) dollars. Defendant failed to make the required payment. The EEOC now respectfully moves this Court to (1) enforce the Court-ordered Consent Decree and require Defendant to pay the required monetary relief within ten (10) days, (2) order Defendant to pay pre- and post-judgment interest, (3) issue an Order to Show Cause why Defendant should not be held in contempt, (4) find Defendant in contempt for violating the Consent Decree, (5) order all penalties assessed against Defendant which this Court deems appropriate within its contempt powers, and (6) order all post-judgment remedies contained within Subchapter C of the Federal Debt Collection Procedure which this Court deems appropriate. In the alternative to requiring Defendant to pay the monetary relief required by the Consent Decree, the EEOC requests the authority to conduct additional written discovery and depositions relating to Defendant's current

Case 1:23-cv-00722-CCE-JLW    Document 39-1    Filed 03/20/25    Page 7 of 8

financial condition pursuant to the Federal Debt Collection Procedure Act and Federal Rule

of Civil Procedure 69.

Dated this 20th of March, 2024.

**COUNSEL FOR PLAINTIFF**

*/s/ Samuel H. Williams*
SAMUEL H. WILLIAMS
N.C. State Bar No. 49622
Samuel.Williams@eeoc.gov
EEOC, Raleigh Area Office
434 Fayetteville St, Suite 700
Raleigh, NC 27601
Telephone: (984) 275-4820
Facsimile: (704) 954-6412

TAITTIONA MILES, Trial Attorney
N.C. State Bar No. 50879
taittiona.miles@eeoc.gov
EEOC, Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
Telephone: (980) 296-1301
Facsimile: (704) 954-6412

Case 1:23-cv-00722-CCE-JLW     Document 39-1     Filed 03/20/25     Page 8 of 8